**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RANDOLPH CLIFFORD MCLEOD, | : | |
| Plaintiff, | : | Civil No. 05-4635 (AET) |
| v. | : | |
| E. STILL, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

    RANDOLPH CLIFFORD MCLEOD, SBI 144873C
    Petitioner Pro Se
    Central Reception and Assignment Facility
    West Trenton, New Jersey 08628

**THOMPSON, DISTRICT JUDGE**

    Plaintiff Randolph Clifford McLeod ("McLeod"), confined at the Central Reception and Assignment Facility ("CRAF") in West Trenton, New Jersey, seeks to bring this action pursuant to 28 U.S.C. § 1915 (1998). This Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4)

direct the agency having custody of the Plaintiff to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915 (a),(b).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims.  The Court will permit Plaintiff's free exercise and retaliation claims to proceed at this time as against Defendants Still and Goldstein, and the John and Jane Doe Defendants only, dismiss all other claims against these Defendants, and dismiss the remainder of the Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.  BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of his rights secured by the Constitution and laws of the United States.[1]  Defendants are

---

[1]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

E. Still, Robert Riggs, Sergeant Jeminez, I. Goldstein, and R. Roberts, corrections officers; MCCI; and John Doe Defendants (Second Amended Complaint).

Plaintiff asserts the following: On September 20, 2005, Defendant Still was on duty in the prison law library in place of the usual officer on duty. (Compl., Statement of Claims.)  As a pro se, Plaintiff was a regular user of the law library. (Id.) While typing a letter to the judge that included a prayer on the second page, Plaintiff allegedly was interrupted by Defendant Still and charged with a disciplinary violation, "causing me to be punished for the practice of my religion." (Id.)  Plaintiff adds that "Sgt. Jeminez and Captain Riggs agreed to this punishment being imposed." (Id.)  Plaintiff elsewhere indicates that Defendant Jeminez as a correctional supervisor, agreed to charge and punish me for practicing my religious belief." (Id., Para 5.)  Defendants Riggs allegedly "ordered the punishment and denied the grievance process." (Id.)

Plaintiff continues that on October 25, 2005, while Plaintiff was praying in his cell, Defendant Goldstein "made verbal slanders about my religion, and then both threatened and caused me . . . to be punished . . ." for praying.  (Amended

---

by the Constitution and laws, shall be liable
to the party injured in an action at law,
suit in equity, or other proper proceeding
for redress.

Complaint.)  Defendant Roberts allegedly conspired with Goldstein in approving the charge and punishment. (Id. and Second Amended Complaint.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual

4

allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v.

Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).

The Court will construe the Complaint as raising claims of interference with Plaintiff's free exercise of religion, retaliation for the exercise of a constitutional right, and conspiracy. The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Denial of Free Exercise of Religion

Plaintiff asserts the existence of unconstitutional interference with his right to the free exercise of his religion. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners must be provided reasonable opportunities to exercise their First Amendment right to religious freedom. Cruz v. Beto, 405 U.S. 319 (1972).

Prison regulations impinging on an inmate's First Amendment rights are valid if "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); see Fraise v. Terhune, 283 F.3d 506, 516-18 (3d Cir. 2002) (finding state to have a legitimate penological interest in maintaining

7

order and security within the prison system); see also O'Lone, supra.

In order to establish that the alleged prohibition of his prayer activities violates the First Amendment's Free Exercise Clause, Plaintiff must show (1) that such denial contravenes his sincere religious beliefs. DeHart v.Horn, 227 F.3d 47, 51-52 (3d Cir. 2000); and (2) must establish that the action taken was not "reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 349 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); Dehart, 227 F.3d at 51-52.

Applying these principles to the instant case, Plaintiff has made a sufficient showing of alleged interference with his right to the free exercise of his religion to permit this claim to proceed against Defendants Still and Goldstein pending further factual development.  In contrast, the pleading permits no more than inferences of respondeat superior liability and/or negligence with respect to Defendants Jeminez Riggs, and Roberts; claims not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327 (1986); Rode, supra.  The claim will be dismissed as against these Defendants.

C.  Retaliation

It has long been established that the First Amendment bars retaliation for protected speech.  See Crawford-El v. Britton,

8

523 U.S. 574 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).  "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  Proof of a retaliation claim requires that Plaintiff demonstrate that (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.  Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)).

Applying this standard to the case at bar and construing the complaint liberally, Plaintiff has stated a claim of retaliation for his exercise of a First Amendment right.[2]  Plaintiff asserts that Defendants Still and Goldstein retaliated against him because of his exercise of his religion, a constitutionally protected activity.  The Court also will allow this claim to proceed at this time as against Defendants Still and Goldstein pending further factual development.[3]

---

[2] The Court also notes that an inmate filing a grievance with prison officials engages in activity protected by the First Amendment.  See Quinn v. Cunningham, 879 F. Supp. 25, 27-28 (E.D. Pa. 1995), aff'd, 85 F.3d 612 (3d Cir. 1996).

[3] Like Plaintiff's free exercise claim, the pleading permits no more than inferences of respondeat superior liability

9

D. Conspiracy

A complaint alleging a conspiracy must "contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading." See Loftus v. Southeastern Pennsylvania Transp. Auth., 843 F. Supp. 981, 986 (E.D. Pa. 1994). In order to plead a conspiracy under Federal Rule of Civil Procedure 8(a), a plaintiff must "plead with particularity the circumstances . . . such as . . . the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose." Id. at 986-87. To state a claim for conspiracy, Plaintiff must at least provide the Court with facts "suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end." Wesley v. Hollis, 2004 WL 945134, *4 (E.D. Pa. April 29, 2004). Other than raising broad and generalized assertions, Plaintiff has failed to comply with these standards.[4]

---

and/or negligence with respect to Defendants Jeminez Riggs, and Roberts; claims not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986); Rode, supra. This claim also will be dismissed as against these Defendants.

[4] Any attempt by Plaintiff to raise a conspiracy claim under 42 U.S.C. § 1985 also fails. In order to state a claim under Section 1985, a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Griffin v. Breckenridge, 403

10

The Court will dismiss this claim without prejudice to its possible future articulation in conformance with the foregoing discussion, should Plaintiff attempt to file an Amended Complaint.

E.  The Monmouth County Correctional Institution ("MCCI")

MCCI is not a "person" amenable to suit under § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department not a "person" under § 1983); Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (city jail not a "person"amenable to suit under § 1983).  The Complaint will be dismissed as to MCCI pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

U.S. 88 (1971). Moreover, in stating a claim for conspiracy, the plaintiff may not merely make conclusory allegations of conspiracy. See Rogers v. Mount Union Borough, 816 F. Supp. 308, 314 (M.D. Pa. 1993). Only particularized allegations will be deemed sufficient. See Grigsby v. Kane, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003)(citing Loftus, supra). As Plaintiff has failed to comply with these principles of pleading, the conspiracy claim will be dismissed without prejudice to its possible future articulation in conformance with the legal principles previously discussed, should Plaintiff attempt to file an Amended Complaint.

### III. CONCLUSION

Based on the foregoing, the Court will permit Plaintiff's retaliation and free speech claims to proceed at this time as against Defendants Still, Goldstein, and the John Doe Defendants, dismiss all other claims against these Defendants, and dismiss the Complaint in its entirety as against the remaining Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

                                            s/Anne E. Thompson
                                          **ANNE E. THOMPSON**
                                **UNITED STATES DISTRICT JUDGE**

**DATED** February 14 , **2006**